

June 18, 2024

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

By **Friday, June 28, 2024**, Defendant shall provide its position on Plaintiffs' application.  SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: June 21, 2024

Re:   *Calliste, et al., v. The City of New York*, Case No. 1:24-cv-04016

Dear Judge Rearden,

I represent the Plaintiffs in the above-captioned matter, and I write regarding Defendant's June 12, 2024, First Letter Motion to Consolidate Cases (Dkt. 15), wherein Defendant asked the Court to consolidate the above-captioned matter with *Campbell, et al. v. City of New York*, Case No. 1:24-cv-02575. As noted in the Plaintiffs' email of June 13, 2024, and explained further below, contrary to Defendant's counsel's statement to the Court, the *Calliste* Plaintiffs did not definitively assert their position to Defendant's counsel regarding consolidation; instead, Plaintiffs proposed to Defendant an alternative route that would permit the *Calliste* Plaintiffs and CUNY[1] to proceed to mediation and resolve their claims, leaving the *Campbell* case to move forward on its own.[2] For those reasons, Plaintiffs respectfully request that the Court stay any ruling on Defendant's Letter Motion to Consolidate for a period of 60 days in order to allow the Parties an opportunity to resolve their claims through early mediation.

---

[1] Plaintiffs intend to file an Amended Complaint substituting the CUNY as the named defendant in this action in response to Defendant's counsel indication that CUNY is the proper entity to be sued.

[2] To date, counsel for Defendant has not provided its position on early mediation.

(202) 833-8855 *Main* | (202) 452-1090 *Fax* |  info@mselaborlaw.com *Email* | www.mselaborlaw.com
1101 Vermont Avenue NW, Suite 1000 | Washington, D.C. 20005

June 18, 2024<br>Page 2

On June 10, 2024, counsel for the parties engaged in a telephonic discussion regarding Defendant's request for an extension of time to file its Answer, as well as its request for the Plaintiffs' position on consolidating the two cases. During that call, counsel for the Plaintiffs asked the Defendant to consider an alternative, more efficient way to resolve the instant case. Specifically, Plaintiffs' counsel requested that the Defendant agree to proceed separately with the two cases, and to request a referral to early mediation with respect to the *Calliste* Plaintiffs. At no point during that call did Defendant's counsel inform Plaintiffs' counsel that the Defendant intended to immediately move to consolidate. Instead, Defendant's counsel stated that that he would discuss Plaintiffs' proposal with his client and provide a response the following week (i.e., the week of June 17th). Defendant's counsel confirmed the consideration of Plaintiffs' proposal via email shortly after the June 10th call.

As Plaintiffs explained on June 10, 2014, a referral to early mediation either through the SDNY mediation program or a settlement conference before the Magistrate would be the most efficient way to resolve this case. First, in contrast to *Campbell*, the Plaintiffs here do not intend to move for notice and instead have already agreed, in our conversation with Defendant's counsel, to limit the opt-in Plaintiffs to those who have filed consents by June 24, 2024.[3] Thus, if the cases are consolidated at this point, in the time it takes the Parties to brief and argue the notice motion, the court to rule, and the notice period to elapse, the *Calliste* Plaintiffs and Defendant may well be able to fully resolve the instant case. Counsel for the *Calliste* Plaintiffs has extensive experience litigating and resolving similar cases with the City Law Department, especially through early

---

[3] There is no opt-in plaintiff who has filed a consent form for both the *Calliste* and *Campbell* cases.

mediation;[4] given this, it is worthwhile to attempt to do so here, prior to any notice period.

Additionally, while there are similarities between the *Calliste* and *Campbell* cases, the claims do not overlap entirely. Unlike *Campbell*, the Plaintiffs in *Calliste* make claims for uncompensated pre-shift, post-shift, and meal period work for CUNY Public Safety workers in the Peace Officer, Specialist, and Assistant positions. *Calliste* Dkt. 1 ¶¶ 41–42. The *Campbell* Plaintiffs' only claim for those positions is that CUNY failed to properly calculate their "regular rate" for overtime purposes. *Campbell* Dkt. 1 ¶¶ 100–104. As such, the *Campbell* notice motion only seeks to conditionally certify—and only provides evidence in support of—a collective of Peace Officers, Specialists, and Assistants who have experienced regular rate violations and thus does not encompass all the claims advanced by the *Calliste* plaintiffs. *Campbell* Dkt. 35 at 1; Dkt. 37 at 3–4.

The difference between *Campbell*'s regular rate claim and *Calliste*'s regular rate, pre-shift, post-shift, and meal period claims is likely to be substantial. Thus, any consolidation will require that these claims be reconciled via amendments to the pleadings, notice motion, and supporting affidavits. This will only add to the complexity to the litigation, and undoubtedly significantly increase attorney fees and costs as the multiple law firms[5] work through these procedural issues,

---

[4] *See, e.g., Kassel, et al. v. City of New York, et al.*, No. 1:23-cv-05211 (early settlement reached prior to discovery and scheduled mediation); *Clarke, et al. v. City of New York*, No. 1:23-cv-02158 (same); *Kerr, et al. v. City of New York*, No. 1:23-cv-04492 (same); *Pollard v. City of New York*, No. 1:23-cv-10722 (settlement reached prior to discovery and following single mediation session); *Moreno, et al. v. City of New York*, No. 1:22-cv-03358 (same); *Caldwell, et al. v. City of New York*, 1:23-cv-03899 (settlement reached prior to discovery and following settlement conference in front of Magistrate Judge); *Hinds, et al. v. City of New York*, No. 1:23-cv-00889 (settlement reached prior to discovery and following mediation);

[5] The *Calliste* Plaintiffs are represented by the law firms of McGillivary Steele Elkin and Spivak Lipton LLP—the firms that have handled the cases noted in n.3 as well as dozens of other cases brought against the City of New York for similar FLSA claims—and the *Campbell* Plaintiffs are represented by the law firms, Mehri & Skalet PLLC and Vallie Kane & Vagnini LLP.

as well as cause unnecessary delay that can be avoided should the *Calliste* case proceed to early mediation.

Thus, the *Calliste* Plaintiffs respectfully request that the Court (1) refer the Parties to mediation, and (2) stay the case, for a period of **60 days** after the date of the mediation referral order. This will allow *Calliste* Plaintiffs an opportunity to pursue resolution of their claims so that *Campbell* may proceed unencumbered. At the end of the stay, the parties will submit a status update on settlement and propose a briefing schedule on Defendant's motion to consolidate, if necessary.

We thank the Court for its consideration.

        Respectfully submitted,

McGILLIVARY STEELE ELKIN LLP

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary

cc:     All Counsel of Record