

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2024

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**BRYAN CARR OLERT**
*Assistant Corporation Counsel*
Telephone: (212) 356-2203
E-mail: bolert@law.nyc.gov

August 15, 2024

Via ECF
Hon. ~~Jennifer H. Rearden~~ Robert W. Lehrburger
United States ~~District Judge~~ Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

        Re:   *Kamol Calliste v. City of New York*
                  1:24-CV-04016-JHR-**Lehrburger**

Dear Judge ~~Rearden~~:

       I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendant in this action. I write pursuant to Paragraph 5.I of Your Honor's Individual Rules and Practices to request a stay of this action in its entirety pending the Court's issuance of a decision on Defendant's Motion to Consolidate this case with *Campbell v. City of New York*, No. 24-CV-02575, a first-filed action with substantially similar claims. See ECF Dkt. 15. When asked if they consented to Defendant's motion for a stay, Plaintiffs stated that they "do not oppose [Defendant's] request to stay."

    **A.    The Court Should Issue a Stay.**

       The Court should stay this action in its entirety pending the outcome of Defendant's Motion to Consolidate. See ECF Dkt. 15. When deciding whether to grant a stay, courts consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Diatek Licensing LLC v. Estrella Media, Inc.*, No. 22-cv-3508 (LJL), 2022 U.S. Dist. LEXIS 181724, at * 2-3 (S.D.N.Y. Oct. 4, 2022) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

First, a stay will not prejudice Plaintiffs who have already opted into this action because the filing of a written FLSA consent form tolls the statute of limitations for each individual Plaintiff. *See Balderramo v. Taxi Tours Inc.*, No. 15-CV-2181 (ER), 2017 U.S. Dist. LEXIS 89404, at *12 (S.D.N.Y. June 9, 2017) ("[T]he statute of limitations period continues to run with respect to each opt-in plaintiff's collective action claim until that plaintiff files a written consent form."); *Cooke v. Frank Brunckhorst Co., LLC*, 2024 U.S. Dist. LEXIS 51644, at *26 (E.D.N.Y. Mar. 22, 2024) (citation omitted) ("For an FLSA action, the statute of limitations applicable to a plaintiff's claim continues to run until he or she has filed a written consent with the court to join the lawsuit."). Further, as set forth in the parties' joint application for a stay in *Campbell*, *see Campbell* ECF Dkt. 55, this Court has authority to "grant equitable tolling, allowing for the statute of limitations on potential claims to be stayed while certain aspects of the litigation are pending." *See Chengxue Sun v. New G Nails & Spa, Inc.*, No. 22-CV-5523 (NRM) (ST), 2023 U.S. Dist. LEXIS 150449, at *15 (E.D.N.Y. Aug. 25, 2023) (citing *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)) (granting the plaintiff's motion for equitable tolling in a FLSA collective action). Thus, neither Plaintiffs' nor prospective collective members' potential entitlement to recovery will be prejudiced by a stay of this action.

Second, Defendant should not bear the burden of unnecessary litigation costs by proceeding with litigation, settlement, or discovery prior to the Court's issuance of a decision regarding consolidation of this case with *Campbell*. Such a piecemeal approach is an inefficient use of time and would likely impose additional costs on Defendant, including by potentially requiring Defendant to unnecessarily engage the services of its FLSA damages expert multiple times. *See Readick v. Avis Budget Group, Inc.*, No. 12 Civ. 3988 (PGG), 2014 U.S. Dist. LEXIS 58784, at *5 (S.D.N.Y. Apr. 25, 2014) (finding that the defendant would be prejudiced by continued litigation of the action where failure to grant a stay would result in "potentially duplicative and costly discovery"); *Consumer Fin. Prot. Bureau v. Credit Acceptance Corp.*, No. 23 Civ. 00038 (JHR), 2023 U.S. Dist. LEXIS 137992, at *7 (S.D.N.Y. Aug. 7, 2023) (citations omitted) (granting the defendant's motion to stay and noting that the stay "may help [the defendant] avoid unnecessary litigation costs"); *Perez v. Due Milla Realty Grp. LLC*, No. 1:19-cv-05794 (JPC), 2022 U.S. Dist. LEXIS 242330, at * 5 (S.D.N.Y. Apr. 1, 2022) (granting the defendants' motion for a stay because "in the absence of a stay, [the defendants] will be subject to undue prejudice and harm by being forced to expend time, effort, and costs litigating"). It is in Defendant's interest to resolve this litigation in one fell swoop, rather than to proceed with piecemeal settlement or litigation in two separate cases.

Third, the Court should stay the instant matter in the interest of judicial efficiency. "In order to promote judicial economy, if competing cases are filed in two federal courts, 'the general principle is to avoid duplicative litigation.'" *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)); *see Friarton Estates Corp. v. City of N.Y.*, 681 F.2d 150, 160 (2d Cir. 1982) (remarking that a court may properly stay

an action if the court finds a stay to be efficient for its own docket and to be the fairest course for the parties); *United Healthcare Ins. Co. v. Regeneron Pharms., Inc.*, No. 20-CV-10664 (VB), No. 21-CV-6245 (VB), 2021 U.S. Dist. LEXIS 247545, at *7 (S.D.N.Y. Dec. 28, 2021) (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("When 'it is efficient for a trial court's docket and the fairest course for the parties, a stay is proper, even in cases where the issue in [other pending] proceedings are not necessarily controlling on the action before the court.'"). These principles apply "even where the parties may differ and the cases are within the same district." *See Diatek*, 2022 U.S. Dist. LEXIS 181724, at *5. Defendant respectfully submits that it is an inefficient use of judicial resources for this action to proceed while Defendant's motion to consolidate remains pending, given the potential for duplicative litigation.

Fourth, staying *Calliste* will serve the interests of nonparties, namely the *Campbell* Plaintiffs. Given the significant overlap between the claims in each case, the resolution of claims in *Calliste* may result in claim preclusion in *Campbell*. *See Nelson v. G.Skill USA, Inc.*, 2023 U.S. Dist. LEXIS 80172, at *17 (W.D.N.Y. May 8, 2023) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)) ("The resolution of these overlapping claims will require similar proof and legal analysis, making claim preclusion likely."). A stay will also prevent confusion to prospective collective members that may arise should these cases proceed separately.

Fifth, "considerations of judicial economy are frequently viewed as relevant to the public interest [and] weigh against the investment of court resources that may prove to have been unnecessary." *Readick*, 2014 U.S. Dist. LEXIS 58784, at *15. As noted above, a stay of this action would further interests of judicial economy.

Accordingly, Defendant requests that the Court stay this action pending the Court's issuance of a decision on Defendant's Motion to Consolidate. *See* ECF Dkt. 15.

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

/s/
Bryan Carr Olert
Assistant Corporation Counsel

cc:   All parties via ECF

The unopposed request to stay is granted. The case is stayed, nunc pro tunc, pending resolution of the motion to consolidate. The stay will automatically lift when the Court enters and order on the motion to consolidate.

SO ORDERED:

10/22/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE